[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This is an appeal from a decree of the Court of Probate for the District of Watertown. The facts are not in dispute. The decedent had, at the age of 90, become a recipient under the Title XIX program; pursuant to that program the State had furnished her with medical assistance to the extent of $43,075.29; the State presented a claim for that amount to her estate; she left no surviving spouse or dependent child; the appellant furnished funeral services to her estate the reasonable value of which were $3,414; the assets of the estate were $4,016.14; the Administrator of her estate allowed the appellant only $1,200 of its claim; and CT Page 9520 the Court of Probate upheld the action of the Administrator.
What is now Connecticut General Statutes 45a-392 provides for priority of claims against a decedent's estate. The pertinent portion read:
 First, the funeral expenses and the expense of settling the estate;. . . third, all lawful taxes and all debts due the state and the United States.
However, Connecticut General Statutes 17-83g provides for a different order or priority. The effective portion of that statute in effect at the time of the decedent's death read:
 . . . upon the death of any person who has at any time been a beneficiary of aid under this chapter, . . . the state shall have a claim against such . . . person's estate for all amounts paid on behalf of each such . . . person under the provisions of this chapter for which the state has not been reimbursed . . . Such claims shall have priority over all unsecured claims against such estate, except, (1) expenses of last sickness not to exceed $375.00 (2) funeral and burial expenses in accordance with section 17-82i . . .
The cited statute and the provision for Title XIX payments are both part of Chapter 308 so this provision clearly applies to the estate of a person who has received Title XIX benefits. It also clearly sets up a priority for claims inconsistent with45a-392, as 17-82i, which is incorporated by reference, sets a cap on funeral and burial expenses of $1,200. It is true that 17-82i refers specifically only to beneficiaries "under the state supplement or the aid to families with dependant children program" and does not refer to Title XIX. However, to rule that that means that Title XIX recipients are not subject to the cap would mean we would have to ignore the clear working of 17-83g that it applies to all beneficiaries under Chapter 308. A more logical interpretation is that under no circumstances would the state pay any amount for the funeral and burial expenses of a Title XIX beneficiary.
Insofar as there are two inconsistent statutes as to priorities, the question is which to apply. Clearly 45a-392 has general application whereas 17-83g applies to only a limited number of situations. Our Supreme Court has ruled that in the event of conflict the specifics prevails over the general. State v. White, 169 Conn. 223; Edmundson v. Rivera, 169 Conn. 620; CT Page 9521 Atwood v. Regional School District No. 15, et al, 169 Conn. 613. Therefore I conclude that 17-83g applies.
The appellant suggests that the Commissioner has waived the state's priority and cites numerous Departmental Regulations concerning funeral and burial expenses which are applicable in other assistance programs but do not apply to the medical assistance (Title XIX) program. However, this ignore 7525.10 of the policy manual which specifically applies to medical assistance and with respect to claims against the estate of beneficiaries provide for priority of the Department's claim in E. 2. as follows: "Funeral and burial expenses, up to the amount specified by state law." Clearly there was no waiver. Further, although a Department's interpretation of statutes applicable to it is not binding upon the courts, it is entitled to weight. Connecticut Evidence, Holden Daly, 50, p. 231.
The decision of the Court of Probate is sustained and the appeal is dismissed.
J. Healey, State Trial Referee.